## In re CONANT.
### No. 19162.

District Court, D. Maine, S. D.
March 13, 1935.

Seth May, of Auburn, Me., for petitioner.

Donald W. Webber, of Auburn, Me., for trustee.

PETERS, District Judge.

This matter has been submitted on the petition of the widow of the bankrupt to review an order of the referee, made under Bankr. Act § 67f (11 USCA § 107 (f), preserving certain liens for the benefit of the bankrupt estate.

It appears from the referee's findings of fact, which are not disputed, that Albert H. Conant, the bankrupt, in 1908 conveyed to his wife, the petitioner herein, a dwelling house and land in Auburn. In this transaction there was no fraud and no effort or intention to avoid the payment of debts. Apparently Mr. Conant at that time, and for years afterward, was perfectly solvent.

It appears that Mrs. Conant, the petitioner, did not record her deed, relying upon her husband to do so, and the deed was not recorded until January 10, 1933, prior to which date, and within four months of bankruptcy, which occurred on February 9, 1933, two general attachments of Mr. Conant's estate had been made in suits begun against him by certain creditor banks.

Under the Maine statute and under the circumstances mentioned, the plaintiffs in these suits acquired by their attachments a valid lien on the real estate standing in the name of the bankrupt, including the house and lot which was described in the unrecorded deed to his wife.

Under section 67f of the Bankruptcy Act, attachments against a person who is insolvent, made within four months prior to his filing a petition in bankruptcy, are void, and the property affected passes to the trustee, "unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

The Supreme Court, in the leading case of First National Bank v. Staake, 202 U. S. 141, 26 S. Ct. 580, 583, 50 L. Ed. 967, in referring to this section, has stated that it makes two distinct provisions for the disposition of the property of the insolvent attached within four months prior to the filing of the petition: First. Such attachments are declared void, and it is provided that the property affected, released from the attachments, shall pass to the trustee of the

estate of the bankrupt. Second. The court may order that the right acquired by the attachment shall be preserved for the benefit of the estate. In the first situation the attachment is simply discharged; in the second, it is preserved for the benefit of the creditors in general.

"The first provision contemplates the attachment of property to which the bankrupt has the complete, legal, and equitable title, which, as soon as the attachment is dissolved, passes at once to the bankrupt's trustee as part of his estate. The second provision evidently does not apply to this, as there is no object in preserving the lien of the attachment for the benefit of the estate, since, under the first clause, the entire value of the property attached passes to the trustee, free from the attachment. The second clause contemplates property in which the bankrupt has an interest which has been secured to attaching creditors by the levy of the writ, but which might have passed to another person, as, for instance, a purchaser under an unrecorded deed, but for the fact that the attaching creditors had acquired a prior lien thereon. In such case the statute recognizes the validity of the lien, but preserves it for the benefit of the entire body of creditors, by reason of the fact that the attachment was dissolved as a preferential lien in favor of the attaching creditors, by the institution of proceedings in bankruptcy." First National Bank v. Staake, 202 U. S. 141, 146, 26 S. Ct. 580, 583, 50 L. Ed. 967.

The petitioner here urges that the referee should not have made the order preserving the lien of the attachmeent, because Mrs. Conant, the grantee in the unrecorded deed, innocently believed that her deed had been recorded, was without fault, not guilty of fraud, and simply relied upon her husband to see that the proper steps were made in connection with the record of the deed. It is argued that the broad equitable principles of the Bankruptcy Act should be applied liberally and for the benefit of Mrs. Conant (with whom one is naturally sympathetic), on account of her financial condition, which is represented to be deplorable.

I consider, however, that section 67 as a whole (11 USCA § 107), applied to the situation disclosed, leaves me no option but to affirm the action of the referee.

As pointed out by the Supreme Court in the case above referred to, section 67c, 11 USCA § 107 (c), which also treats of liens created by attachment, declares that: "* * * If the dissolution of such lien would militate against the best interests of the estate * * * the same shall not be dissolved, but the trustee of the estate * * * for the benefit of the estate, shall be subrogated to the rights of the holder of such lien and empowered to perfect and enforce the same in his name as trustee with like force and effect as such holder might have done had not bankruptcy proceedings intervened."

There is no room here for the court to exercise a general discretion. It is simply a question of determining whether the dissolution of the lien, if permitted, would militate against the best interests of the estate. In this case it obviously would so militate, because by such dissolution a lien on valuable property would be lost to creditors. In my opinion the referee, under the law, could pursue no other course than to order the attachments continued for the benefit of the creditors in general.

Some point is made of the delay in the filing of the petition asking for the preservation of the attachments and the right to use them for the benefit of the estate. The trustee was appointed April 26, 1933, and he filed his petition asking for authority to prosecute the suits referred to on June 2, 1934. It appears that the intervening period was, to a considerable extent, devoted to negotiations between the petitioner herein, the trustee, and various creditors, whereby it was hoped to effect a compromise by which Mrs. Conant could receive some substantial benefit. The negotiations did not result in a completed arrangement, and this petition followed as soon as the negotiations fell through.

I cannot find that the referee was wrong in his finding that the petitioner here suffered no injury by reason of the delay and was not guilty of laches.

It follows that the order of the referee must be approved, and it is so ordered.